Christian, J.,
delivered the opinion of the court.
This case is before us upon a writ of error and ■sedeas to a judgment of the circuit court of the city of Richmond.
The question arising in this case is between a landlord on the one hand and a beneficiary under a deed of trust on the other.
Each claims a superior right to subject the same property to the payment of a debt, the one for rent by virtue of his landlord’s lien, the other for a loan of money, whose payment was secured by a deed of trust conveying the property in question.
The facts disclosed by the record are as follows: In the latter part of the year 1870, one hTorvel Cobb leased of Drewry & Price a certain house in the city of Richmond, known as the Arlington house, to be used as a boarding-house, for the year 1871, the term of the lease being one year, from the 1st January 1871 to 31st December 1871: That in February or March 1871, Daniel W. Mosely purchased of said Cobb his household and kitchen furniture, which was upon the leased premises at the Arlington house; and paid for the same with $1,500, loaned him (Mosely) by Manfred Call; who, in order to secure the payment of said loan, took a note, payable at twelve months, and dated February 24th 1871, of said Moseley, secured by deed of trust, which was duly recorded in the office of the chancery court of the city of Richmond on the tenth March 1871. Mosely arranged with Cobb to take his ■lease for the year 1871; and this change was made on the 15th March 1871, without consulting the landlords (Drewry & Price); who were informed of it thereafter, and made no objection, but received the rent from Mosely for the year 1871. At the expiration of *212 the year (1871) Mosely continued to occupy the premises without any special contract with the landlords. time in March 1872 Mosely made an arrangement with a certain B. M. Pratt to give up the Arling- . ° ton house and furniture to him; and he (Pratt) took charge of said house without consulting the landlords, who, when informed of it, made no objection thereto, and thereafter received the rent from Pratt until July or August 1872. In the latter part of the year 1872, Pratt failed to pay said rent for the Arlington house; whereupon the landlords sued out a distress warrant for rent due and an attachment for rent to become due.
The distress warrant and attachment were levied on the household and kitchen furniture, which had been conveyed by Mosely to secure his debt to Manfred Call, and the same was sold under said distress warrant by A. B. Duesberry, high constable of the city of Richmond, and the proceeds paid over to B. H. Hash, Esq., attorney for Drewry & Price, the landlords.
The suit is brought in the name of the city of Richmond, for' the benefit of Manfred Call, against the high constable on his official bond, the object being to recover of him the amount of the proceeds of sale of said furniture.
A jury being waived, and the case being submitted to the court upon the law and facts, the court rendered a judgment for the defendant. Erom this judgment a writ of error was awarded by this court.
The effect of the decision of the said Circuit court was to declare that the furniture conveyed by Mosely by his deed, put on record on the 10th March 1871, was liable to the distress warrant in favor of the landlords, Drewry & Price, for rent due from Pratt in the latter *213 part of 1872; and this is the question we now have to consider.
The solution of this question depends upon the true construction to he given to the 11th and 12th sections of ch. 138, Code 1860.
At common law, all goods found on the leased premises were subject to the landlord’s lien for rent, no matter to whom they belonged.
By our statute the goods of the lessee, or his assignee, or under-tenant, found on the premises, or which may have been removed therefrom not more than thirty days, are liable to distress. If such goods, when carried on the premises, are subject to a lien, which is valid against his creditors, his interest only in such goods shall be liable to distress. If any lien be created thereon while they are on the leased premises, they shall be liable to distress, but only for one year’s rent, whether it shall have accrued before or after the creation of the lien.
If after the commencement of any tenancy a lien be obtained or created by deed of trust, mortgage or otherwise, upon the interest or property in goods on premises leased or rented of any person liable for the rent, the party having such lien may remove said goods from the premises, upon condition that he pay rent that may be in arrear, and securing so much as is to become due, not being more altogether than one year’s rent. See Code 1860, ch. 138, §§ 11, 12.
From these sections, it is plain that the intention of the legislature was to secure one year’s rent to a landlord against all liens created by the tenant after the lease has commenced.
The landlord is protected by the statute against all deeds of trust, mortgages, and other liens, where the lien has been created after the commencement of *214 the tenancy, upon goods on the leased premises which' belong to a person liable for rent, and where there is an liability for rent in arrear, or to become due the time the lien is created.
Now in the case before us, the contract of lease between the landlords (Dréwry & Price) and their tenant o0bb, was for one year from January 1st, to December 31st, 1871. In March, Mosely with the assent of the landlords, took Cobb’s lease. I say with the assent of" the landlords, because they made no objection to it,, and collected the rents from him, acknowledging him as their tenant. This lease expired on the 31st December, 1871; but Mosely held over for the year 1872 until March, there being no new contract between the parties. In March 1872, Pratt, without objection on-the part of the landlords, took the Arlington house and furniture from Mosely; and the landlords collected rent from him till July or August. In the latter part of the year 1872, Pratt.failed to pay the rent, and then-the distress warrant was issued and levied.
Now Cobb having leased for one year, and Mosely, who took his lease, having held over after the expiration of the lease without any further contract, the tenancy must be regarded as a tenancy from year to year. Archbold on Land, and Tenant, 65-’6 and 68 (marg.); Sherwood v. Phillips, 13 Wend. R. 479, and cases cited in the opinion of the court.
It follows, therefore, that the lease of Cobb of which Mosely was the assignee terminated on the 1st day of January 1872. On that day a new term commenced. The rent for the whole year 1871 had been paid. The deed of trust to Call was executed and recorded on the 10th March 1871. At the commencement of the new tenancy, to wit, on the 1st January 1872, not a dollar of rent was due, nor was any due in arrear until *215 the latter part of 1872. The lien on the furniture was therefore created before the commencement of the tenancy. That furniture was on the leased premises, subject to a lien created before the tenancy for the year 1872 commenced, and not after—and in contemplation of the statute, construing both sections together, must be held subject to the same conditions as if when carried on the leased premises it was subject to a lien valid against the creditors of Mosely.
The liability for the rent in this case came long after the lien was created; and the tenancy during which the lien was created had expired and every dollar due .under that lease had been paid. A new tenancy had commenced with an existing lien upon the furniture created and recorded long before it began.
I am therefore of opinion, that the deed of trust to secure Manfred Call must take precedence to the landlord’s lien, and that the judgment of the Circuit court should be reversed.
Staples, J., dissented.
Judgment reversed.